IN THE SUPERIOR COURT OF THE STATE OF DELWARE

| | |
|---|---|
| M. DENISE TOLLIVER, | : C.A. No. K20C-08-008 WLW |
| | : |
| Plaintiff, | : |
| | : |
| | : |
| v. | : |
| | : |
| DELAWARE FUTURES, INC., and | : |
| HAROLD INGRAM and PATRICIA | : |
| DOWNING, in their official and | : |
| individual capacities, | : |
| | : |
| | : |
| Defendants. | : |

SUBMITTED: October 20, 2020
DECIDED: January 26, 2021

## ORDER

Upon Defendants' Motion to Dismiss.
*Granted.*

M. Denise Tolliver, pro se

Michael C. Heyden, Jr., Esquire and Tianna Bethune, Esquire of Gordon & Rees, LLP, Wilmington, Delaware; attorneys for Defendants.

WITHAM, R.J.

Before the Court is Defendants, Delaware Futures, Inc., Harold Ingram, and Patricia Downing (hereafter collectively "Defendants") Motion to Dismiss the Complaint filed by Pro Se Plaintiff, Denise Tolliver (hereafter "Tolliver") pursuant to Superior Court Civil Rule 12(b)(6). For the reasons that follow, the Motion is granted.

### Factual and Procedural Background

On August 17, 2020, Tolliver filed her complaint as a pro se plaintiff with this Court alleging three counts against the Defendants. First, Tolliver alleges "unlawful hiring" against Delaware Futures, Inc. specifically. Second, Tolliver alleges breach of fiduciary duties on the part of Harold Ingram and Patricia Downing. Lastly, Tolliver alleges Workers' Compensation Retaliation against Delaware Futures, Inc.

The facts of this case have been derived from Tolliver's Amended Complaint and the Defendants' Motion to Dismiss. On or about August 7, 2018, Tolliver effected delivery of an application for employment by certified mail with Delaware Futures, Inc. before an announced application-close date of August 30, 2018. Delaware Futures, Inc. declined to consider this employment application on the grounds that the means of transmission did not conform to its preferred method, which for this particular job announcement was through the professional social media website "Linked In" (sic). Tolliver learned that Delaware Futures, Inc. declined her application on or about August 23, 2018. The denial of the application was for being "inconsistent with Delaware Futures' policy for

application submission."[1] This spurred Tolliver to file a three count complaint on August 7, 2020. Ten days after that, Tolliver filed her Amended Complaint on August 17, 2020.

Tolliver has pursued Delaware Futures, Inc. in previous litigation dating back to August 8, 2014. She has filed complaints against Delaware Futures, Inc. in U.S. District Court for the District of Delaware and Superior Court for New Castle County, Delaware. The complaint filed with New Castle County Superior Court was removed to the U.S. District Court and Summary Judgment was entered in behalf of Delaware Futures, Inc. on August 2, 2017. That order was affirmed by the U.S. Court of Appeals for the Third Circuit on January 26, 2018. On March 8, 2018, Tolliver then filed a motion to remand her original complaint back to Delaware Superior Court, to which the U.S. District Court "placed [Tolliver] on notice that future similar motions will be docketed, but not considered."

## Standard of Review

When considering a motion to dismiss under Superior Court Civil Rule 12(b)(6), a court must determine whether "the plaintiff may recover under any reasonable conceivable set of circumstances susceptible to proof under the complaint."[2] Further, while the court must afford the plaintiff "all reasonable inferences that logically flow from the face of the complaint," the court need not "accept every strained interpretation of the allegations."[3]

---

1  Def.'s Motion to Dismiss at 3.
2  *Hedenberg v. Raber,* 2004 WL 2191164 *1 (Del. Super. Aug. 20, 2004).
3  *Id.*

## Discussion

### *Count 1 of Tolliver's Amended Complaint*

Tolliver's first count is for "unlawful hiring" and alleges that Delaware Futures' "policy of posting job openings exclusively on 'Dina Melchiorre's "Linked In" (sic) account discourages the exercise of equal employment opportunity rights of job applicants."[4] The Defendants argue that Tolliver's complaint in Count I does not state an actionable claim.

At best, the Defendants argue, is that Tolliver is attempting to make a discrimination claim. However, Tolliver's complaint in Count I does not satisfy a claim for failure to hire on the grounds of discrimination. Citing to a Third Circuit case, the Defendants' list the elements for such discrimination as "1) applicant is a member of a protected class; 2) applicant was qualified for the position sought; 3) applicant was subject to an adverse employment action despite being qualified; and 4) under the circumstances that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar to the plaintiff to fill the position."[5] Tolliver fails to satisfy these elements because, as the Defendants argue, her application was not submitted in the proper format and therefore could not be considered, thus not making her an applicant for the purposes of the Third Circuit's elements for actions of discriminatory hiring. Additionally, Tolliver admitted to not submitting the application accordingly.

The Defendants also argue that Tolliver cannot allege that the events laid out in her Amended Complaint equate to an "inference of discriminatory action"

---

4 Plaintiff's Amended Complaint at 5.
5 Def.'s Motion to Dismiss at n. 1; citing *Sarullo v. U.S. Postal Service*, 352 F. 3d 789 at 797 (3rd Cir. 2003).

4

because "people who are not users of LinkedIn are not members of a protected class under the Delaware Discrimination in Employment Act."[6]

This Court agrees with the arguments presented by Defendants with regard to Tolliver's Count I of her Amended Complaint. Employers use a variety of methods to reach prospective applicants seeking employment and LinkedIn is but one of those methods. It is not improper to designate a reasonable method of obtaining applications for employment.

### Count II of Tolliver's Amended Complaint

Tolliver's Count II of her Amended Complaint alleges breach of Fiduciary Duties on the part of Delaware Futures, Inc. board members without any elaboration as to how a fiduciary duty was owned to her and how that duty might have been breached. Just on the face of Tolliver's Count II, this Court has to conclude that there has not been sufficient allegations raised to warrant a response by Defendants.

### Count III of Tolliver's Amended Complaint

Tolliver's Count III alleges a Workers' Compensation Retaliation against Delaware Futures, Inc. Tolliver attempts to link the refusal to accept her application by Delaware Futures, Inc. with a retaliation on the part of Delaware Futures, Inc. for Tolliver seeking Workers' Compensation in the months leading up to her attempted application submission. This is simply incomprehensible, and devoid of any merit.

Tolliver was not employed by Delaware Futures, Inc. during the time in which she was awaiting final judgment from the Delaware Supreme Court on a

---

6  Def.'s Motion to Dismiss at 4 – 5.

Workers' Compensation matter. As the Defendants point out in their Motion to Dismiss, Tolliver was not an "employee" as defined in Delaware's Workers' Compensation statute, 19 Del. C. § 2301.

Finally, the Court recognizes that the underlying complaint and issues raised by Tolliver are similar to those raised in the past, particularly in the U.S. District Court for Delaware. That complaint and those issues were levied against the Defendants and a final judgment has been reached that is adverse toward Tolliver. On these grounds alone, Tolliver's complaint filed with this Court would not survive *Res Judicata* and would be dismissed irrespective of the reasons stated above.

## Conclusion

Wherefore, based on the reasons stated above, this Court **GRANTS** Defendants' Motion to Dismiss on the basis of Superior Court Civil Rule 12(b)(6).

IT IS SO ORDERED.

/s/ William L. Witham, Jr.
Resident Judge

WLW/dmh